■ THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, v ARNOLD MCLEAN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 13, 1975, convicting him of possession of weapons and dangerous instruments and appliances, as a felony, upon a jury verdict, and imposing sentence. The appeal brings up for review a decision of the same court, dated January 14, 1975, which, after a hearing, denied defendant's motion to suppress physical evidence. Judgment reversed, on the law and the facts, motion granted and indictment dismissed. On April 22, 1974, at about 1:15 A.M., appellant and a companion entered a bar in Brooklyn and ordered drinks. Appellant then went into a phone booth and made a call. He returned to the bar and, after finishing their drinks, appellant and his companion left. Also present in the bar were an off-duty detective of the New York City Police Department, Detective Keough, and his friend. After the men left, according to Detective Keough, the bartender stated that appellant fit the description of one of the men who had robbed the bar at gunpoint about a month earlier. At the trial it was

disclosed that the bartender was not present during the robbery and that all he remembered of the descriptions were the robbers' heights and that they wore ski caps. Keough and his friend left the bar and followed appellant to an alley outside of his home, where they saw him speaking to someone in a third- or fourth-story window. Keough approached appellant with his gun drawn and, after asking him what he was doing, patted him down, frisked him, and retrieved a revolver. Pursuant to CPL 140.50, before a person may be stopped in a public place a police officer must have reasonable suspicion that such person is committing, has committed or is about to commit a crime. "To justify such an intrusion, the police officer must indicate specific and articulable facts which, along with any logical deductions, reasonably prompted that intrusion. Vague or unparticularized hunches will not suffice * * * Nor will good faith on the part of the police be enough to validate an illegal interference with an individual" (People v Cantor, 36 NY2d 106, 113). Here there was no indication that appellant had engaged in, or was about to engage in, any criminal conduct. The mere statement by the bartender that appellant fit the description of one of the robbers, without more, does not justify the seizure that occurred here. Absent the admission of the weapon there is insufficient evidence to support the conviction. Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Titone, JJ., concur.